# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY and JOHN H. DAVIS, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 2:19-CV-238-TLS-JEM |
| SCHNEIDER ELECTRIC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1, p. 34. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and when the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a), (a)(1). In matters where there are multiple plaintiffs and multiple defendants, diversity jurisdiction requires complete diversity between the parties under 28 U.S.C. § 1332(a)(1), "meaning that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). In other words, "where more than one plaintiff sues more than one defendant and the jurisdiction rests on diversity of citizenship, each plaintiff must be capable of suing each defendant." *Soderstrom v. Kungsholm Baking Co.*, 189 F.2d 1008, 1013–14 (7th Cir. 1951).

As the parties seeking to invoke this Court's jurisdiction, the Plaintiffs bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiffs have sufficiently alleged that amount in controversy exceeds $75,000.00.

As for diversity of citizenship, the Plaintiffs allege in their Verified Supplemental Jurisdictional Statement that Plaintiff Bennie Kennedy has "citizenship in the State of Illinois," while Plaintiff John H. Davis has "citizenship in the State of Indiana." ECF No. 18, ¶¶ 9–10. The Plaintiffs allege that Defendants David P. Radelet, Jeffery S. Nowak, Staci Ketay Rotman, Mary Ann Fuchs McLean, and Franczek, P.C. all have citizenship in the State of Illinois, while Defendant Schneider Electric, Inc. has citizenship in the States of Delaware and Massachusetts. ECF No. 18, ¶ 7.

Because Plaintiff Kennedy shares citizenship in the state of Illinois with Defendants Radelet, Nowak, Rotman, McLean, and Franczek P.C., there is not complete diversity between the parties. *See Soderstrom*, 189 F.2d at 1013–14. Therefore, Plaintiffs have failed to establish subject matter jurisdiction, and this case must be dismissed. *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").[1]

For the foregoing reasons, the Court DISMISSES this case.

SO ORDERED on October 23, 2019.

---

[1] It appears that Plaintiffs might intend to allege that diversity jurisdiction exists because the cause of action arose in the State of Indiana, while none of the Defendants are citizens of Indiana. *See* ECF No. 18, ¶ 9. But citizenship of the parties determines whether diversity jurisdiction exists; where the cause of action arose is not relevant to the inquiry. *See* 28 U.S.C. § 1332(a)(1).

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT